IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| WESLEY THOMPSON, | |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| MEL COULTER, | Case No. 2:12-CV-680 CW |
| Defendant. | District Judge Clark Waddoups |

Plaintiff requests that this case be reopened, (ECF No. 109), in what is essentially a motion for relief from judgment under Fed. R. Civ. P. 60(b).

## BACKGROUND

- 3/14/16     Defendant's summary-judgment motion granted. (ECF No. 86.)

- 7/12/16     Denial of Plaintiff's motion to reconsider summary-judgment grant. (ECF No. 98.)

- 1/28/17     Sole defendant Coulter died. *Ortiz v. Torgensen*, No. 2:17-CV-328-TC, 2019 U.S. Dist. LEXIS 53075, at *1 n.1 (D. Utah Mar. 27, 2019).

- 2/28/17     Tenth Circuit Court of Appeals affirmed grant of summary judgment for Defendant. (ECF No. 99.)

- 10/2/17     United States Supreme Court denied Plaintiff's petition for writ of certiorari. (ECF No. 107.)

- 11/16/20     Plaintiff moved to reopen case. (ECF No. 109.)

## ANALYSIS

Plaintiff's motion ignores the passage of time (more than four years since summary judgment was granted for Defendant); his failed appellate process; and Defendant's death. His

arguments are that this Court was incorrect in stating that the grievance process had not been completed before he filed his complaint, (ECF No. 109-2, at 1); that the grievance process regarding inmate rape has since changed, which he only found out about on August 6, 2020, "thus lifting a procedural bar," (*id*. at 3); and that he should be able to amend his complaint "to add the failure to protect claim against Eric Ludvigson," (*id*. at 7).

Federal Rule of Civil Procedure 60(b) states in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). More than four years passed between the time judgment was entered and the time the motion was filed. So, reasons (1), (2), and (3) are unavailable to be argued by Plaintiff. The only other possible ground then is "any other reason that justifies relief."

A remedy under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a

substitute for an appeal." *Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004). "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only 'when it offends justice to deny such relief.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)).

Rule 60(b)'s categories are mutually exclusive. *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). "The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses." *Id*. "Parties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain" relief from judgment. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005).

The Court exercises its discretion to deny Plaintiff's motion here. *See FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998). At the very least, all Plaintiff's arguments are invalid because Defendant is dead. There is no one left on the other side of the case.

Further, Plaintiff's argument this Court was incorrect in stating that the grievance process had not been completed before he filed his complaint, (ECF No. 109-2, at 1), apparently seeks correction of a mistake, which should have been brought under subsection (1), within one year of judgment.

Also, Plaintiff's argues that the grievance process regarding inmate rape has since changed, which he only found out about on August 6, 2020, "thus lifting a procedural bar," (*id*. at 3). But, "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules--rules that are defined . . . by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007)

(citation and internal quotation marks omitted). The applicable procedural rules defining the prison grievance process for Plaintiff's claims at the heart of this case were those in effect when his claims came to be, circa 2011. (ECF No. 86, at 2-3.) Any ensuing changes to grievance rules alleged by Plaintiff are irrelevant here; this argument is not well taken.

Finally, Plaintiff contends that he should now be able to amend his complaint "to add the failure to protect claim against Eric Ludvigson." (ECF No. 109-2, at 7.) In a 2012 case, failure to try to bring--until 2020--a brand new claim against a brand new defendant, after this Court's dismissal of the case in 2016 and the completion of the federal appeals process in 2017, would appear to involve Plaintiff's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). An attempt to raise this issue thus should have been done within a year of judgment.

## ORDER

**IT IS ORDERED** that Plaintiff's post-judgment motion is **DENIED**. (ECF No. 109.) This action remains closed.

**IT IS FURTHER ORDERED** that the Clerk of Court must mail to Plaintiff a packet, including a blank-form complaint and information on how to file the complaint, should he wish to file a new case.

DATED this 18th day of June, 2020.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court