THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| WESLEY THOMPSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MEL COULTER,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION<br>& ORDER DENYING MOTION<br>FOR RELIEF FROM JUDGMENT**<br><br>Case No. 2:12-CV-680 CW<br><br>District Judge Clark Waddoups |

　　　　In this case that was closed on March 14, 2016, (ECF No. 86), Plaintiff recently filed a "Motion Challenging the Constitutionality of the Prison Litigation Reform Act's [PLRA] . . . Exhaustion Requirement," in which he contends that his First Amendment right to access the courts has been violated by the PLRA. (ECF No. 123.) At this late date, the Court construes this motion as--again--requesting relief from judgment under Fed. R. Civ. P. 60(b).

BACKGROUND

- 3/14/16　　Defendant's summary-judgment motion granted. (ECF No. 86.)

- 7/12/16　　Denial of Plaintiff's motion to reconsider summary-judgment grant. (ECF No. 98.)

- 1/28/17　　Sole defendant Coulter died. *Ortiz v. Torgensen*, No. 2:17-CV-328-TC, 2019 U.S. Dist. LEXIS 53075, at *1 n.1 (D. Utah Mar. 27, 2019).

- 2/28/17　　Tenth Circuit Court of Appeals affirmed grant of summary judgment for Defendant. (ECF No. 99.)

- 10/2/17　　United States Supreme Court denied Plaintiff's petition for writ of certiorari. (ECF No. 107.)

- 6/18/21　　Plaintiff's motion to reopen case denied. (ECF Nos. 109, 118.)

- 3/31/22   Filing of Plaintiff's "Motion Challenging the Constitutionality of the Prison Litigation Reform Act's [PLRA] . . . Exhaustion Requirement," in which he also alleges that his First Amendment right to access the courts has been violated by the PLRA. (ECF No. 123.)

## ANALYSIS

Plaintiff's motion ignores the passage of time (six years since summary judgment was granted for Defendant); his failed appellate process; and Defendant's death. His arguments attempt to relitigate the facts of his grievance process; whether there should have been an additional defendant; and a general argument that may possibly be interpreted to say that--using failure to grieve as a dismissal mechanism--leads to an unconstitutional denial of access to the courts. (*Id.*)

Federal Rule of Civil Procedure 60(b) states in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). More than six years passed between the time judgment was entered and

the time this most recent motion was filed. So, reasons (1), (2), and (3) are unavailable to be argued by Plaintiff. The only other possible ground then is "any other reason that justifies relief."

A remedy under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004). "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only 'when it offends justice to deny such relief.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)).

Rule 60(b)'s categories are mutually exclusive. *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). "The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses." *Id.* "Parties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain" relief from judgment. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005).

The Court's analysis is somewhat repetitious of that found in its last Order denying a post-judgment motion here. (ECF No. 118.) Again, the Court exercises its discretion to deny Plaintiff's motion. *See FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998). As stated in the last Order, at the very least, all Plaintiff's arguments are invalid because Defendant is dead. The Court emphasizes that there is *no one left* on the other side of the case.

Further, Plaintiff's arguments--which all could have been offered before the action was dismissed six years ago--lend nothing new to this decrepit, depleted conversation. This case is

the ultimate dead horse and there's nothing left to beat: Over the course of six years, summary-judgment was granted; this Court reviewed its decision and denied reconsideration; *the sole defendant died*; the Tenth Circuit affirmed this Court's dismissal; *the United States Supreme Court denied certiorari review*; and a past post-judgment motion was denied. This action is finished, never to be considered again.

## ORDER

**IT IS ORDERED** that:

(1) Plaintiff's third post-judgment motion is **DENIED**. (ECF No. 123.)

(2) With this litigation having completely run its course, no further filings will be accepted. Any further documents submitted by Plaintiff in this case will be returned to sender by the Clerk of Court.

(3) This action remains forever closed.

DATED this 29th day of December, 2022.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court